UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS DOMINGUEZ, III, an individual, by and through his Guardian Ad Litem, Veronica Dominguez AND VERONICA DOMINGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>HOBBY LOBBY STORES, INC. AND DOES 1-20,<br><br>Defendants. | Case No.: 3:18-cv-2872-W(KSC)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITION FOR MINOR'S COMPROMISE AND FINDING THE PROPOSED SETTLEMENT FAIR AND REASONABLE**<br><br>**[ECF No. 16]**<br><br>**REDACTED** |

On November 13, 2018, Plaintiff Santos Dominguez, III, by and through his parent and Guardian Ad Litem ("GAL"), Veronica Dominguez, filed a complaint in the Superior Court of California, County of San Diego, North County Division, arising out of an incident which occurred on February 15, 2018 while shopping at Hobby Lobby in San Marcos, California. ECF No. 1-2. The matter was removed to this Court on December 21, 2018. ECF No. 1. Defendant answered the complaint on March 15, 2019. ECF No. 6.

On June 13, 2019, Magistrate Judge Karen S. Crawford held an Early Neutral Evaluation Conference and the case settled. ECF No. 11. That same day, Magistrate Judge Barbara L. Major was randomly assigned to handle the Minor's Compromise. ECF No. 10.

On September 18, 2019, the Court held a hearing on the Petition. ECF No. 21. Appearing for Plaintiff were Counsel Spencer Stein and GAL, Veronica Dominguez. Id. Attorney Christopher Holt appeared on behalf of Defendant. Id. No one appeared to oppose the Petition or object to the settlement terms. The Court has considered the Petition, the Response and all of the argument and testimony provided during the hearing. For the reasons set forth below, the Court **RECOMMENDS** that the Petition be **GRANTED**.

The proposed settlement for this minor is $▮ with $▮ (approximately ▮ of the total settlement) being directed to counsel for her work, $▮ being paid to cover existing medical liens, and $▮ covering hard costs already incurred during the litigation. ECF No. 16 at 3-6, 48. Santos Dominguez, III, therefore, would receive a net settlement of $▮ which will be invested in a single-premium deferred annuity that is guaranteed to provide $▮ to Santos Dominguez, III as an adult. Id. at 6, 9, 61.

After conducting an independent inquiry and evaluation of the proposed settlement, the Court **RECOMMENDS** that the Honorable Thomas J. Whelan United States District Court, Southern District of California, find that the proposed settlement is fair and reasonable and serves the best interests of Santos Dominguez, III. Specifically, the Court accepts the summary set forth in the Petition that Santos Dominguez, III "was shopping at Hobby Lobby with his mother when his left leg made contact with a sharp broken glass shelf causing a deep laceration to his left leg." Id. at 2. He was ▮ ▮. Id. at 2, 43. He also received treatment at ▮ ▮, and at ▮ ▮. Id. Plaintiff ▮. Id. at 4.

After conducting an independent inquiry and evaluation of the proposed settlement, the Court finds that the proposed settlement is fair, reasonable, and in the best interests of the Plaintiff, given Plaintiff's injuries, the legal and factual issues involved in this case, and recoveries in similar cases. See Robidoux et al. v. Rosengren et al., 638 F.3d 1177, 1181-82 (9th Cir. 2011). The Court also finds that the proposed expenses and attorneys' fees are fair and

reasonable. Accordingly, the Court **RECOMMENDS** that Judge Whelan approve the proposed settlement, grant the petition for compromise of dispute claim of minor, and issue the following orders:

1. Within twenty-one days of Judge Whelan's order, Defendant must provide Plaintiff's counsel with a check in the amount of $██████ made payable to Jurewitz Law Group, 600 B. Street, Suite 1550, San Diego, CA 92101.

2. Upon receipt of the $██████, Plaintiff's counsel shall retain $████ for attorney's fees and use the remaining money to pay the hard costs incurred during the litigation and the remaining medical liens.

3. Within twenty-one days of Judge Whelan's order, Defendant must pay $██████ to Palomar Medical Center located at 2227 Enterprise Street, Escondido, California 92029.

4. Within twenty-one days of Judge Whelan's order, Defendant must make a qualified assignment of $██████ to MetLife Assignment Company, Inc. to fund the purchase of an annuity from Metropolitan Tower Life Insurance Company for Plaintiff, Santos Dominguez, III. The projected benefits of the annuity, $██████, are to be paid out to Plaintiff on ██████, when he turns eighteen years of age.

5. A joint motion for dismissal of the instant case must be filed within five days after Plaintiff's counsel's receipt of the settlement check.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **October 7, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED**.

Dated: 9/23/2019

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge